IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. CIV S-07-0428-RRB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| LISA MARIA FRANCO, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's "Motion for Judgment by Default" (Doc. 15). Plaintiff filed his civil rights complaint on March 5, 2007.  Pursuant to an order filed on April 19, 2007, this court found service to be appropriate for defendant Franco.  This court therefore issued an order directing the United States Marshal to notify defendant Franco of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. §566(c).

  A waiver of service of summons was filed with this court on July 16, 2007 (Doc. 14).  The waiver of service of summons was sent to defendant Franco on May 14, 2007. Defendant Franco signed the waiver of service of summons on July 5, 2007.  Pursuant to that

1

waiver, defendant acknowledged receipt of a copy of the complaint. The waiver further indicates that defendant Franco understood that a judgment could be entered against her if an answer or motion under Rule 12 was not filed with the U.S. District Court within 60 days after May 14, 2007. This time frame is set forth in Rule 4. See Fed. R. Civ. P. 4(d)(3) (requiring the defendant to serve an answer to the complaint 60 days after the date on which the request was sent). Accordingly, the time for defendant to file an answer or dispositive motion was on or before July 13, 2007. To date, no answer has been filed with this court, and defendant has not otherwise responded to the complaint. Therefore, the Clerk of Court will be directed to enter the default of defendant Franco for failure to appear in this action.

In addition to the entry of defendant Franco's default, Plaintiff also requests the entry of a default judgment in the amount of $25,000,000 ($5,000,000 in compensatory damages an $20,000,000 in punitive damages). Default judgments, pursuant to Federal Rule of Civil Procedure 55(b), can only be entered by the Clerk when the plaintiff's claim is for a sum certain. Because this action involves claims of civil rights violations, which require a showing of causation, the damages sought are necessarily unliquidated (i.e., not for a "sum certain"). While the factual allegations in the complaint concerning liability are taken as true upon entry of default, those relating to the amount of damages are not. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); see also Fed R. Civ. P. 8(d). Default judgment cannot rest solely upon the allegations of damages contained in the complaint. Therefore, entry of default judgment by the Clerk of the Court under Rule 55(b)(1) is not appropriate. Rather, the court is required to determine the amount of damages. See Fed. R. Civ. P. 55(b)(2).

Upon review of the motion for judgment by default, plaintiff has not filed an affidavit in support of entry of default judgment that supports the damages sought by default. Plaintiff's motion is therefore insufficient for entry of default judgment under Rule 55(b)(2), which applies to this case. Plaintiff will be required to submit affidavits in support of the damages sought by default. In particular, plaintiff must demonstrate how the admitted liability

of the defaulting defendant caused him to suffer damage in the amounts claimed. If necessary, the court will set a date and time for an evidentiary hearing. Otherwise, the court will review plaintiff's affidavits and enter default judgment in an amount that is reasonable.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    The Clerk of the Court is directed to enter the default of defendant Franco under Federal Rule of Civil Procedure 55(a).

        2.    The Clerk of the Court <u>shall not</u> enter default judgment under Federal Rule of Civil Procedure 55(b)(1); and

        3.    Within 30 days of the date of this order, plaintiff shall file affidavits in support of damages.

DATED: August 15, 2007.

                                **CRAIG M. KELLISON**
                                UNITED STATES MAGISTRATE JUDGE