IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. CIV S-07-0428-RRB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| LISA MARIA FRANCO, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant's Motion to Set Aside Default (Doc. 20).

Plaintiff filed his civil rights complaint on March 5, 2007. A waiver of service of summons was filed with this court on July 16, 2007 (Doc. 14). The waiver of service of summons was sent to defendant Franco on May 14, 2007. Defendant Franco signed the waiver of service of summons on July 5, 2007. Pursuant to Federal Rule of Civil Procedure 4(d)(3), defendant was required to file an answer to the complaint within 60 days after the date the waiver of service was sent to her. In this case, that would have been on or before July 13, 2007. On August 8, 2007, plaintiff requested the entry of defendant Franco's default. As no appearance had been made by defendant Franco, the request for entry of default was granted, and the Clerk

of Court entered the default of defendant Franco on August 16, 2007.  On the same day, but after the entry of default, defendant Franco appeared in this case by filing a Motion to Dismiss (Doc. 18).  Because her default had already been entered, defendant Franco then filed this motion to set the default aside on August 22, 2007.  Plaintiff filed his opposition to the motion to set aside the default on September 27, 2007.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown."  An application under 55(c) to set aside a default is addressed to the sound discretion of the trial court.  Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975).  Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief.  See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b).  10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694.  In addition, the requirements are more liberally interpreted in motions to set aside the entry of default.  Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c).  Id.

A motion to set aside a default judgment under Rule 60(b) may be denied if:  (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default.  Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir. 1985).  Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default.  Wright & Miller, § 1698.

In this case, defendant Franco states she did in fact receive the waiver of service, and acknowledges signing it. However, she failed to forward it to her errors and omissions insurance carrier immediately upon receipt. This inadvertent failure was due to the heavy trial case load she had after being off following surgery, the moving of her law office, and her increased responsibility for caring for her ill father. Due to the above, defendant was distracted from the need to file a response to the complaint she received in the middle of this activity. Defendant further claims that upon being back in the office following the move and the close of trials, she reviewed outstanding mail and discovered the complaint in this matter which she had failed to respond to. She states she immediately contacted her errors and omissions insurance carrier and provided them with a copy of the complaint. The insurance carrier attorney then contacted defendant and prepared the Motion to Dismiss filed August 16, 2007. Once defendant realized her oversight, the Motion to dismiss was filed within 10 days. As it turns out, this was one day too late to avoid the entry of her default. Defendant then filed her motion to set the default aside less than a week later.

Plaintiff states that defendant's default should not be set aside because good cause does not exist. He claims defendant does not have a meritorious defense, defendant's default was willful, and plaintiff will be prejudiced if the default is set aside. A motion to set aside a default judgment under Rule 60(b) may be denied if: (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default.

Plaintiff claims he would be prejudice by the granting of the motion to set aside default. This prejudice argument centers around the death of his cousin, who would have helped him during discovery. However, plaintiff does not indicate when his cousin died and how his difficulty with conducting discovery without his cousin was changed by a few weeks delay in answering the complaint. Had defendant timely appeared in this case, discovery would not have open until after the court ruled on her motion to dismiss. Without knowing exactly when

plaintiff's cousin died, it appears safe to assume that his cousin's death would still have made his discovery more difficult. While this court is sympathetic to plaintiff in the death of a close family member, plaintiff has not shown how the short delay in the case by setting aside the default has prejudiced him.

Plaintiff also claims defendant has no meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001) (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); In re Stone, 588 F.2d 1316, 1319n.2 (10th Cir. 1978)). Here, defendant raises two defenses to this action, both of which were raised in the motion to dismiss she filed. The defenses include plaintiff's failure to establish that defendant was acting under color of state law as required in a civil rights action under 42 U.S.C. § 1983, and failure to establish that his sentence has been reversed, expunged or called into question as also required in a § 1983 action.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); but see Neal, 131 F.3d at 824

///

(concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).

Plaintiff's complaint seeks money damages from defendant for conspiring with the district attorney, his co-defendant's attorney and others to secure his conviction. A finding that defendant did so conspire to secure plaintiff's conviction would be tantamount to finding he received ineffective assistance of counsel at trial, which would undermine his conviction. As stated above, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. Therefore, defendant appears to have a meritorious defense sufficient to set aside her default.

Finally, plaintiff claims defendant's default was willful. A court may deny the request to set aside a default if the defendant's culpable conduct led to the default. Culpable conduct in this context is the equivalent of willful, deliberate, or bad faith. See TCI, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not *necessarily* - although it certainly may be, once the equitable factors are considered - culpable or inexcusable. Id. at 697-98. "On a rule 60(b) motion, this court will accept the allegations of the movant's factual statement." Falk, 739 F.2d at 464 (citing In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978)). Here, it appears to the Court that defendant did not act willfully in failing to respond timely to plaintiff's complaint. Defendant offers a credible, good faith explanation as to why she neglectfully failed to answer the complaint.

Motions for relief from default entries should be viewed liberally. Accordingly, the undersigned finds good cause for setting aside defendant Franco's default. Plaintiff has not shown prejudice, the defendant has a meritorious defense, and defendant's conduct was not culpable. In addition, defendant's request to set aside the default was timely filed. Defendant's motion will be granted. Consequently, defendant's Motion to Dismiss will be properly before

this Court. As such, plaintiff will be given the opportunity to file an opposition to defendant's Motion to Dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Franco's Motion to Set Aside Default is granted;
2. The Clerk's Entry of Default is set aside; and
3. Plaintiff will have 30 days from the date of this order to file an opposition to defendant's Motion to Dismiss filed August 16, 2007.

DATED: November 1, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE