1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ANDRE RAMON CRAVER,                    No. CIV S-07-0428-RRB-CMK-P

12                  Plaintiff,

13           vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14  LISA MARIE FRANCO,[1]

15                  Defendant.

16  _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss (Docs. 18 and

19  19).  Plaintiff has filed an opposition (Doc. 35), and defendant has filed a reply (Doc. 36).

20  ///

21  ///

22  ///

23  ///

24  ///

25  _____

26           [1]      Erroneously sued as Lisa Maria Franco.

1

# I. BACKGROUND

Plaintiff was convicted of first degree murder on August 18, 2003, and sentenced to life without the possibility of parole.[2]  In the instant civil rights action, plaintiff alleges that defendant conspired with the district attorney and others to secure his conviction.  Plaintiff raises arguments familiar to the undersigned, who issued findings and recommendations in plaintiff's pending federal habeas corpus petition.  In particular, plaintiff attacks defendant on the basis of his belief that DNA evidence offered against him at trial was insufficient.  He also asserts that defendant Franco was somehow involved in threats against his life.[3]  This appears to be the basis of the alleged conspiracy in this case.  Plaintiff alleges:

> . . . Thus the elaborate conspiracy to get me convicted was born and executed.  Franco after the convictions on behalf of co-defendant Shelmire wrote and signed a declaration allegdgeing [sic] the death threats I disclosed to her on Shelmire in an attempt to help Shelmire get a new trial.  As a result of Lisa Franco's conspiratorial attempts to get me convicted, I've been suffering mentally.

Plaintiff references the same document in support of this claim as referenced in support of the similar claim raised in his habeas petition.  Specifically, plaintiff refers to the California Court of Appeal's decision in co-defendant Shelmire's case.  Plaintiff even underlines the portions of the opinion he claims are relevant:

> . . . But on August 8, 2003, Lisa Franco, Craver's co-counsel, advised Harned [Shelmire's attorney] that Craver had told her [Shelmire] would be killed if [Shelmire] testified and that Craver had already sent a letter to that effect to his "people in prison."

/ / /

/ / /

---

[2]    The facts of the underlying crime are set forth in findings and recommendations issued on December 26, 2007, in plaintiff's federal habeas corpus case, Craver v. Felker, E. Dist. Cal. case no. CIV-S-06-01543-FCD-CMK-P.

[3]    Ths assertion apparently arises out of an August 8, 2003, meeting between defendant and plaintiff during the course of plaintiff's trial.

The court also offered some interesting background:

> Defendant [Shelmire] declared that on August 10, 2003, the day before he was scheduled to testify, Harned told him that Craver had threatened his life and had sent a letter to Craver's friends in prison to have defendant killed on arrival.

Plaintiff asserts that defendant Franco, in advising Shelmire's attorney about plaintiff's death threat, she somehow violated her obligation of loyalty to plaintiff.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true.  See Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 2007 WL 1461066, slip op. at *8 (2007).  Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the

1   claim is and the grounds upon which it rests.  See Erickson, 127 S.Ct. at 2197.

2           To determine whether a complaint states a claim upon which relief can be granted,

3   the court generally may not consider materials outside the complaint and pleadings.  See Cooper

4   v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

5   1994).  The court may, however, consider: (1) documents whose contents are alleged in or

6   attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

7   (2) documents whose authenticity is not in question, and upon which the complaint necessarily

8   lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

9   688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

10  see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson

11  v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

12

13                      **III.  DISCUSSION**

14          Defendant moves to dismiss arguing, among other things, that plaintiff's claim is

15  not cognizable in the context of a civil rights complaint because it implies the invalidity of his

16  underlying conviction.  The court agrees.  When a state prisoner challenges the legality of his

17  custody and the relief he seeks is a determination that he is entitled to an earlier or immediate

18  release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal

19  remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500

20  (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa

21  Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Similarly, where a § 1983 action seeking

22  monetary damages or declaratory relief alleges constitutional violations which would necessarily

23  imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not

24  cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal,

25  by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641,

26  646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects

                                        4

1    and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction);

2    Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because

3    allegations were akin to malicious prosecution action which includes as an element a finding that

4    the criminal proceeding was concluded in plaintiff's favor).

5            In this case, plaintiff's "conspiracy" claim is a disguised claim that defendant

6    Franco rendered ineffective assistance during his criminal trial, either because she did not

7    adequately address the DNA evidence, or because of a conflict of interest.  Success on this claim

8    would necessarily imply the invalidity of the underlying conviction and, as such, is not

9    cognizable in the context of a civil rights action under § 1983.[4]  If a § 1983 complaint states

10   claims which sound in habeas, the court should not convert the complaint into a habeas petition.

11   See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Rather, such

12   claims must be dismissed without prejudice and the complaint should proceed on any remaining

13   cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

14   F.3d at 585.  Here, there are no other claims.  Therefore, this action should be dismissed in its

15   entirety.

16

17                                      **IV.  CONCLUSION**

18           Based on the foregoing, the undersigned recommends that:

19           1.      Defendant's motion to dismiss (Docs. 18 and 19) be granted;

20           2.      All other pending motions be denied as moot; and

21           3.      The Clerk of the Court be directed to enter judgment and close this file.

22   ///

23   ///

24   _____

25           [4]      Should the court ultimately grant plaintiff federal habeas corpus relief in case no.
     CIV-S-06-01543-FCD-CMK-P, plaintiff may then be able to present his civil rights claim. See
26   Wallace v. Kato, 127 S.Ct. 1091, 1097-98 (2007) (citing Heck, 512 U.S. at 486-87).  The court
     expresses no opinion at this time whether the claim would have merit.

                                          5

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   DATED:  January 18, 2008

9

10                                    _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26