IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER,<br><br>    Plaintiff,<br><br>  vs.<br><br>LISA MARIA FRANCO,<br><br>    Defendant. | Case No. 2:07-cv-00428 JKS CMK P<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking monetary damages under 42 U.S.C. § 1983. He alleges Defendant conspired with the district attorney and others to secure his conviction. *See* Docket No. 1. Defendant filed a motion to dismiss. Docket Nos. 18 (Mot.); 19 (Mem.); 35 (Resp.); 36 (Reply). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On January 22, 2008, the magistrate judge filed findings and recommendations herein, recommending Plaintiff's suit be dismissed under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Docket No. 38. Plaintiff filed timely objections, essentially arguing that the Supreme Court recognized the appropriateness of bringing this type of action under § 1983 in *Tower v. Glover*, 467 U.S. 914 (1984). Docket No. 39. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of those portions of the report to which objection has been made. Having carefully

1

reviewed the file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff's citation to *Tower v. Glover* is unavailing. In *Tower*, the Supreme Court expressly reserved the question of whether a § 1983 action for monetary damages was appropriate where establishing damages necessarily required showing the invalidity of the conviction. *Heck*, 512 U.S. at 481-82. The Supreme Court answered this question in *Heck*, holding that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. This Court concurs with the magistrate judge that Plaintiff's conspiracy claim is merely a disguised ineffective assistance of counsel claim that would necessarily imply the invalidity of Plaintiff's conviction. As such, it is not cognizable until Plaintiff can show his sentence has been reversed, expunged, declared invalid, or called into question.[1] *See id*.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed January 22, 2008, are adopted in full;
2. Defendant's motion to dismiss at Docket No. 18 is GRANTED;
3. All other pending motions are denied as moot;
4. This action is dismissed; and
5. The Clerk shall close this case and enter judgment accordingly.

Dated this the 28th day of May 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[1] This appears unlikely as Plaintiff's habeas petition making the same allegations has already been rejected. *See Craver v. Felker*, 2:06-CV-01543, 2008 U.S. Dist. LEXIS 8333 (E.D. of Cal. 2007).

ORDER